DILLON, Judge, concurring.
In this matter, the trial court entered an order granting Ms. Parker guardianship over N.H. Our General Assembly requires that a trial court considering the appointment of a guardian must first verify that the potential guardian "will have adequate resources to care appropriately for the juvenile." N.C. Gen. Stat. § 7B-906.1(j) (emphasis added). The sole issue here is whether there was sufficient evidence before the trial court for it to determine that Ms. Parker had adequate resources to care for N.H. in the future . Whether the evidence was sufficient in this case is a close question. But based on our binding jurisprudence on the issue, we must conclude that the evidence presented at the hearing was sufficient.
I believe that this case is more similar to In re J.E. , 182 N.C. App. 612, 643 S.E.2d 70 (2007) (holding that the trial court's consideration of a home study was "adequate compliance" with the relevant statutes), than the three cases relied on in the dissenting opinion- In re P.A. , 241 N.C. App. 53, 772 S.E.2d 240 (2015), In re J.H. , --- N.C. App. ----, 780 S.E.2d 228 (2015), and In re T.W. , --- N.C. App. ----, 796 S.E.2d 792 (2016) -in which we held the evidence to be insufficient to justify the trial court's course of action. Specifically, like in In re J.E. , and unlike the three cases relied on in the dissent, there was evidence at the hearing in this matter that the current income of the prospective guardian, Ms. Parker, was adequate to care for the juvenile going forward. Specifically, Ms. Parker testified that she was employed as a bus driver and that her income was sufficient to cover her expenses in caring for N.H. with some left over for savings.[2] Accordingly, I concur with the majority. I write separately to highlight the distinction between In re J.E. and the three cases relied upon in the dissent.
The key distinction between In re J.E. and the three cases relied upon in the dissenting opinion is that in In re J.E. there was at least some evidence regarding the prospective guardian's resources to care for the minor in the future . In the three cases relied upon in the dissent, the evidence we found insufficient consisted of nothing more than *513 evidence that (1) the prospective guardian had adequately cared for the juvenile in the recent past , and (2) a conclusory statement that the *849 prospective guardian would be able to care for the juvenile in the future, without any reference to the evidence forming the basis of the opinion.[3]
In In re J.E. our Court held that evidence which consisted of a conclusion by DSS[4] that the prospective guardians "have adequate income and are financially capable of providing for the needs of [the juvenile]" was sufficient. In re J.E. , 182 N.C. App. at 617, 643 S.E.2d at 73 (emphasis added). In other words, the distinguishing factor was that the trial court had some evidence regarding the current income of the prospective guardians, which our Court held was sufficient even though there was nothing in our opinion to suggest that the trial court itself delved into the math in its investigation of the guardians' resources. Our Court in In re P.A. (one of the three opinions relied upon in the dissent) held that the conclusion by DSS in In re J.E. distinguished In re J.E. from In re P.A. , where there was no evidence regarding the prospective guardian's current resources to care for the juvenile going forward:
In re J.E. is easily distinguishable from this case based upon the extensive evidence regarding the guardians presented in that case, which included the two home study reports.
It is correct that the trial court need not make detailed findings of evidentiary facts or extensive findings regarding the guardian's situation and resources, nor does the law require any specific form of investigation [by the trial court ] of the potential guardian . But the statute does require the trial court to make a determination that the guardian has "adequate resources" and some evidence of the guardian's "resources" is necessary as a practical matter[.]
*514 In re P.A. , 241 N.C. App. at 61-62, 772 S.E.2d at 246 (citations omitted) (emphasis added).
Like in In re J.E. the evidence in the present case consisted of more than just a conclusory opinion by Ms. Parker that she could care for N.H. The evidence also consisted of her testimony about her job and the income from her job. This testimony appears almost identical to the conclusion by DSS in In re J.E. It may be argued that such testimony from the guardian herself is not as credible as similar testimony from DSS, but this issue goes to the weight of the evidence, not its sufficiency . Accordingly, based on our holding in In re J.E. , I fully concur in the majority opinion holding that the trial court had sufficient evidence to make a determination regarding the adequacy of Ms. Parker's resources to care for N.H.

Ms. Parker essentially testified that she worked as a school bus driver, that she had cared for N.H. during the prior school year and was able to save money during the year, that she was out of work during the summer where she spent her savings and ran out of money, but that at the time of the hearing she was again employed as a bus driver and the income was sufficient to cover her needs and the needs of N.H.

In re P.A. , 241 N.C. App. at 58, 772 S.E.2d at 245 (prospective guardian's opinion that she could and would care for the juvenile was insufficient to allow the trial court to make an independent determination regarding the guardian's resources going forward); In re J.H. , --- N.C. App. at ----, 780 S.E.2d at 240 (trial court failed to consider any evidence regarding the potential guardians' current resources when it considered that the guardians had a history of caring for the juvenile in the past); In re T.W. , --- N.C. App. at ----, 796 S.E.2d at 797 (evidence that the home of the potential guardian was suitable in size and condition to care for the juvenile and a vague assurance that the guardian was looking for work to provide for the juvenile in the future was insufficient).

"DSS" refers to the two departments of social services which had been involved in the matter.